# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* CABLE, Minors.

UNPUBLISHED
August 18, 2015

No. 325538
Calhoun Circuit Court
Family Division
LC No. 13-002780-NA

Before: SAWYER, P.J., and M. J. KELLY and SHAPIRO, JJ.

PER CURIAM.

Respondent-mother appeals as of right the December 12, 2014 order terminating her parental rights to the minor children JC and TJC under MCL 712A.19b(3)(a)(*ii*)[1] (desertion for 91 or more days), (c)(*i*) (failure to rectify conditions of adjudication), (g) (failure to provide proper care and custody), and (j) (children will be harmed if returned to parent). We affirm.

Respondent first argues that the trial court clearly erred in finding statutory grounds to terminate her parental rights. The trial court must find that at least one of the statutory grounds in MCL 712A.19b(3) has been met by clear and convincing evidence in order to support the termination of a respondent's parental rights. *In re VanDalen*, 293 Mich App 120, 139; 809 NW2d 412 (2011). We review the trial court's decision for clear error. *Id.* A finding is clearly erroneous if it leaves us with a definite and firm conviction that a mistake has been made. *In re HRC*, 286 Mich App 444, 459; 781 NW2d 105 (2009).

Here, the trial court properly terminated respondent's parental rights pursuant to MCL 712A.19b(3)(g), which provides that a trial court may terminate parental rights when "[t]he parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age."

---

[1] We note that the trial court erroneously stated that it was terminating respondent's parental rights under subsection (a)(*i*). However, not only did the trial court reference the statutory language of (a)(*ii*) in making its findings, but petitioner sought termination under (a)(*ii*) as opposed to (a)(*i*).

-1-

The record evidence supports that respondent failed to provide proper care or custody for the children, who were removed from respondent after she left them with an inappropriate caregiver and her whereabouts were unknown. Thereafter, respondent's participation with the services recommended in the parent-agency treatment plan was very minimal. See *In re BZ*, 264 Mich App 286, 300; 690 NW2d 505 (2004) (holding that termination under subsection (g) was appropriate when the respondent "only minimally complied" with portions of the parent-agency agreement). Respondent was largely noncompliant with drug screening, and she only attended approximately one quarter of her scheduled parenting times. Further, in the middle of the proceeding, respondent expressed to her case worker that she was moving out of state, that she no longer wanted to participate in services, and that she wanted to release her parental rights. Though respondent eventually returned to Michigan and eventually expressed her desire to participate in the case again, respondent failed to demonstrate sufficient compliance with or any benefit from her services during this proceeding. Accordingly, the evidence supported the trial court's finding that respondent was unable to provide proper care and custody for the minor children.

Moreover, there is no evidence that respondent would have been "able to provide care and custody within a reasonable time considering" the minor children's ages. MCL 712A.19b(3)(g). At the time of termination, the children were only two and three years old. They had been under the court's jurisdiction for approximately 13 months. In that time, respondent failed to show any benefit from the services in which she participated, and the record supports that the children were never her top priority. Given respondent's failure to comply with services throughout the proceeding, a change in her ability to provide for the children was only a "mere possibility." See *In re Williams*, 286 Mich App 253, 273; 779 NW2d 286 (2009). Therefore, termination was proper under MCL 712A.19b(3)(g). Because we conclude that this one ground for termination existed, we need not consider the additional grounds upon which the trial court based its decision. *HRC*, 286 Mich App at 461.

Respondent next argues that the trial court clearly erred by finding that termination was in the best interests of the children. The trial court must find by a preponderance of the evidence that termination is in a child's best interest. *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). We review the trial court's decision for clear error. *HRC*, 286 Mich App at 459. Factors to be considered include "the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Olive/Metts*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012) (citations omitted).

In this case, respondent contends that the trial court did not consider the best interest factors in making its determination. We disagree. The trial court properly considered that the children were bonded to their foster family and were in a pre-adoptive home. The trial court also properly considered that the children were subjected to "turmoil and upheaval" during the proceeding, but the foster home offered them a nurturing, safe, and stable environment. Finally, the trial court properly considered that the children deserved permanency, stability, and consistency, which could be achieved through the termination of respondent's parental rights. The record supports the trial court's findings. Given respondent's minimal participation in this case, there is no indication that she would be able to provide permanency and stability for the children in the foreseeable future. See *In re Frey*, 297 Mich App 242, 248-249; 824 NW2d 569

(2012). Therefore, the trial court did not clearly err in finding that it was in the best interests of the children to terminate respondent's parental rights.

Affirmed.

/s/ David H. Sawyer
/s/ Michael J. Kelly
/s/ Douglas B. Shapiro